# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

FOTOHAUS, LLC,

Plaintiff,

v.

CONSUMERTRACK, INC.,

Defendant.

No. 3:18-cv-687-WQH-JLB

**ORDER**

HAYES, Judge:

The matter before the Court is Plaintiff's Motion for Leave to Amend the Complaint (ECF No. 37).

## I.    Background

On April 6, 2018, Plaintiff Fotohaus, LLC (Fotohaus) initiated this action by filing the Complaint. (ECF No. 1). The Complaint alleges Consumertrack, Inc. (Consumertrack) infringed on Fotohaus's copyright in violation of 17 U.S.C. § 501. *Id.* ¶ 30. Fotohaus alleges Consumertrack utilized a copyrighted photo owned by Fotohaus on its website without permission. *Id.* ¶ 22. On December 7, 2018, Plaintiff filed a Motion for Leave to Amend the Complaint. (ECF No. 37). On December 30, 2018, Defendant filed Opposition. (ECF No. 38). On January 7, 2019, Plaintiff filed a Reply. (ECF No. 39).

## II.     Contentions

Plaintiff seeks leave to amend the Complaint because Plaintiff "mistakenly included the incorrect Registration Certificate for the Work at issue in this matter at Exhibit 3." (ECF No. 37-1 at 2). Plaintiff asserts that it intended to attach Registration Certificate VA 1-919-051 at exhibit 3 to the Complaint but erroneously attached Registration Certificate Number VA 1-907-951. Plaintiff contends that Defendant will not be prejudiced by amendment because Defendant is aware of the existence of the correct registration certificate and "there is no issue with lack of notice or surprise as to the allegations in Fotohaus' Complaint." *Id.* at 3.

Defendant contends it will be prejudiced by the proposed amendment because "the Amended Complaint exchanges one copyrighted work, cited in the Complaint, for another." (ECF No. 38 at 2). Defendant asserts that it will be prejudiced because allowing Fotohaus to cite the correct registration certificate would "provide[] Fotohaus with a substantive basis it previously did not set forth." *Id.*

## III.     Legal Standard

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Supreme Court has identified several factors district courts should consider when deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Props. Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight."

*Eminence Capital*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

## IV.    Decision of the Court

Plaintiff alleges that Defendant infringed its copyright on a single image owned by Plaintiff. Plaintiff cited the correct certification of registration for the image, No. VA 1-919-051, at paragraph eighteen of the original Complaint, but mistakenly attached the wrong certification. The Court finds that Defendant has failed to demonstrate that Defendant would suffer prejudice if Plaintiff were granted leave to file an amended complaint with the correct certificate of registration attached at exhibit 3. The Court finds that there has been no showing that any of the remaining *Foman* factors warrants deviating from the "presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

Plaintiff's Motion for Leave to Amend the Complaint (ECF No. 37) is GRANTED. Plaintiff may file the proposed Amended Complaint (ECF No. 37-2) within ten days of the date this Order is filed.

Dated:  February 26, 2019

William Q. Hayes
Hon. William Q. Hayes
United States District Court